# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

UNITED STATES OF AMERICA

v.

ALPHEUS BASS,

Case No. 4:19-CR-35 RLW

ORDER ON MOTION FOR
SENTENCE REDUCTION UNDER
18 U.S.C. § 3582(c)(1)(A)

(COMPASSIONATE RELEASE)

Upon motion of ☒ the defendant ☐ the Director of the Bureau of Prisons for a

reduction in sentence under 18 U.S.C. § 3582(c)(1)(A), and after considering the applicable

factors provided in 18 U.S.C. § 3553(a) and the applicable policy statements issued by the

Sentencing Commission,

**IT IS ORDERED** that Defendant Alpheus Bass's pro se Motion for Compassionate

Release Under 18 U.S.C. § 3582 Reduction in Sentence (ECF No. 105), and Supplemental

Motion for Reduction in Sentence (ECF No. 109) filed by appointed counsel, are:

☒ **DENIED** after complete review of the Motion on the merits.

☒ **FACTORS CONSIDERED**.

Defendant, a 35-year-old Black male, seeks compassionate release in his pro se motion

on the grounds of (1) his medical conditions of asthma, sleep apnea, and obesity, which he

alleges are "incurable progressive disease, from which [he] will never recover if left untreated";

and (2) changes in the relevant law and unwarranted sentencing disparities among defendants

with similar records who have been found guilty of similar conduct, specifically: (a)

methamphetamine drug purity is not a proxy for culpability; (b) the Court should disagree on

policy grounds and not follow the marijuana equivalency called for in the Sentencing Guidelines

when imposing sentences in cases involving actual methamphetamine and ice; (c) the drug weight is an element of the offense and must be charged in the indictment and proved to a jury under Apprendi v. New Jersey and Alleyne v. United States, but in Defendant's case the Court held Defendant accountable for more than 50 grams but less than 150 grams of actual methamphetamine, as opposed to the drug amount set out in the Indictment; (d) Defendant's sentence would result in unwarranted sentencing disparities among similarly situated defendants; and (e) Defendant is eligible for a two-level decrease in his Guidelines calculation under Amendment 821's zero-point offender provision.

Defendant also states he has worked diligently at rehabilitation while incarcerated, and has taken several classes, is an HVAC Certified Type III, has acquired his Type E Driving License, and he has clear conduct in the BOP and a PATTERN score of a low risk of recidivism. Defendant states that his father has prostate cancer and he seeks to be a caregiver for his father, and has a release plan of residing with his wife or his father.

In the Supplemental Motion filed by appointed counsel, Defendant asserts that his father's diagnosis of stage II prostate cancer is an extraordinary and compelling reason for release, as the senior Mr. Bass is unable to work because he is too tired, lives alone and Defendant's "siblings are not terribly helpful to assist their father. His sister has her own family responsibilities, and his brother is not responsive to his father on day-to-day issues. Because of Mr. Bass' weakened state, he would like his son's caregiving, such as helping him around the home, shop for groceries, cooking, and help taking him to appointments." (ECF No. 109 at 3.) The Supplemental Motion also asserts that the relevant factors of 18 U.S.C. § 3142 and § 3553(a) favor his release, based on his relatively minor criminal history, the Presentence Report's acknowledgement that he is a good father to his children, the stable home he has

available with his father, and the BOP "classes and treatment regarding drug prevention and other areas of personal growth." (Id. at 4.)

The Court's evaluation of motions for compassionate release is within the parameters of 18 U.S.C. § 3582(c) and United States Sentencing Guidelines § 1B1.13.

A. Exhaustion of Administrative Remedies

As a threshold matter, the United States asserts that Defendant has exhausted only one of the claims set forth in his motions, and consequently the Court cannot address his unexhausted claims. The United States is correct. Under 18 U.S.C. § 3582(c)(1)(A), inmates can file compassionate release motions after they have exhausted their administrative remedies. United States v. Houck, 2 F.4th 1082, 1083 (8th Cir. 2021) (cited case omitted). "Exhaustion occurs at the earlier of either (1) when the prisoner has 'fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion' on his behalf or (2) 'the lapse of 30 days from the receipt of such a request by the warden of the [prisoner's] facility.' § 3582(c)(1)(A)." Houck, 2 F.4th at 1083-84. The exhaustion requirement is a mandatory claim-processing rule. Id. at 1084. "As such, it must be enforced so long as the opposing party properly raises it." Id. Here, the United States has properly raised it.

Where the United States raises the exhaustion issue and a defendant fails to exhaust his administrative remedies prior to filing a compassionate release motion, a district court is required to dismiss the motion without prejudice. Id. Here, Defendant offers evidence that he administratively exhausted his claim for compassionate release exist based on his father's prostate cancer and Defendant's need to be his caregiver. See ECF No. 105-1 at 2. Defendant does not establish that any of his other grounds for compassionate release have been administratively exhausted.

The Court concludes that under these circumstances, it may address Defendant's administratively exhausted claim concerning his father's medical condition but must dismiss his unexhausted claims without prejudice. See United States v. Williams, 987 F.3d 700, 703 (7th Cir. 2021) ("[A]n inmate is required to present the same or similar ground for compassionate release in a request to the Bureau [of Prisons] as in a motion to the court. . . . [A]ny contrary approach would undermine the purpose of exhaustion."); see also United States v. Travis, 2023 WL 2957446, at *3 (D. Neb. Apr. 14, 2023) (finding inmate had not administratively exhausted all of his compassionate release claims and addressing only the exhausted claims).

B. Family Circumstances of the Defendant

Effective November 1, 2023, the U.S. Sentencing Commission amended U.S.S.G. § 1B1.13 to implement the First Step Act and to explicitly address defendant-initiated motions for compassionate release. See U.S.S.G. § 1B1.13 (effective Nov. 1, 2023). The amendment identifies several circumstances that, alone or in combination, may qualify as extraordinary and compelling reasons warranting a sentence reduction. See id. The "inmate bears the burden to establish that compassionate release is warranted." United States v. Avalos Banderas, 39 F.4th 1059, 1062 (8th Cir. 2022).

Section 1B1.13, as amended, provides:

(a) In General.—Upon motion of the . . . defendant pursuant to 18 U.S.C. § 3582(c)(1)(A), the court may reduce a term of imprisonment (and may impose a term of supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment) if, after considering the factors set forth in 18 U.S.C. § 3553(a), to the extent that they are applicable, the court determines that—

(1)(A) extraordinary and compelling reasons warrant the reduction;
. . . .
(2) the defendant is not a danger to the safety of any other person or to the community, as provided in 18 U.S.C. § 3142(g); and

(3) the reduction is consistent with this policy statement.

U.S.S.G. § 1B1.13(a).

The amendment lists several specific circumstances that constitute extraordinary and compelling reasons for sentence reduction. Defendant's claim concerning his father is brought pursuant to § 1B1.13(b)(3), which provides:

(3) Family Circumstances of the Defendant.—

(A) The death or incapacitation of the caregiver of the defendant's minor child or the defendant's child who is 18 years of age or older and incapable of self-care because of a mental or physical disability or a medical condition.

(B) The incapacitation of the defendant's spouse or registered partner when the defendant would be the only available caregiver for the spouse or registered partner.

**(C) The incapacitation of the defendant's parent when the defendant would be the only available caregiver for the parent.**

(D) The defendant establishes that circumstances similar to those listed in paragraphs (3)(A) through (3)(C) exist involving any other immediate family member or an individual whose relationship with the defendant is similar in kind to that of an immediate family member, when the defendant would be the only available caregiver for such family member or individual. For purposes of this provision, "immediate family member" refers to any of the individuals listed in paragraphs (3)(A) through (3)(C) as well as a grandchild, grandparent, or sibling of the defendant.

U.S.S.G. § 1B1.13(b)(3) (emphasis added).

Under the facts alleged in Defendant's motions, subsection (C) is the relevant provision here. To establish an extraordinary and compelling circumstances for compassionate release under § 1B1.13(b)(3)(C), Defendant must show that (1) his father is incapacitated, and (2) he is the only available caregiver for his father.

Defendant does not establish either requirement. Defendant states that his father was diagnosed with stage II prostate cancer and "[a]fter radiation, doctors are monitoring his levels."

(ECF No. 109 at 3.) Defendant submitted one page of his father's medical records to support his motion. (ECF No. 109-1 at 2.) Defendant states that his father is too weak to work and, as a result of his weakness, would like Defendant's help with household chores such as grocery shopping, cooking, and attending doctor's appointments. The Court finds the evidence Defendant presents is insufficient to establish that his father is incapacitated by his prostate cancer condition.

Even if Defendant had established that his father is incapacitated, he does not establish that he is his father's only available caregiver. Defendant's motion acknowledges that he has a brother and a sister, and the Presentence Investigation Report states that both live in St. Louis. (ECF No. 91 at 12, ¶ 45.) Defendant asserts that his sister "has her own family responsibilities" and his "brother is not responsive to his father on day to day issues," but he does not establish that either of his siblings is incapable of providing care to their father or is completely unavailable to do so. Under these circumstances, Defendant's assertions are insufficient to render Defendant the only available caregiver for his father. This claim is denied.

C. Amendment 821 Zero-Point Offender

Finally, Defendant contends he is entitled to a two-level offense reduction under Sentencing Guidelines Amendment 821 because he is a zero-point offender. Defendant is not required to exhaust administrative remedies with respect to this claim. Defendant does not qualify for relief under the zero-point offender provision of Amendment 821 because he was convicted of possessing a firearm in furtherance of a drug trafficking crime in Count III of the Indictment. See Judgment (ECF No. 101 at 1). Possession of a firearm in connection with the offense disqualifies a defendant from the zero-point offender reduction. See U.S.S.G. § 4C1.1(a)(7). This claim is denied.

**Conclusion**

For these reasons, Defendant Alpheus Bass's pro se Motion for Compassionate Release Under 18 U.S.C. § 3582 Reduction in Sentence (ECF No. 105), and Supplemental Motion for Reduction in Sentence (ECF No. 109), are **DENIED** as to Defendant's claims under U.S.S.G. § 1B1.13(b)(3)(C) based on his father's medical condition, and under Amendment 821 as a zero-point offender; and **DENIED without prejudice** for failure to exhaust administrative remedies as to all other claims raised in Defendant's pro se motion.

**IT IS SO ORDERED**.

**RONNIE L. WHITE**
**UNITED STATES DISTRICT JUDGE**

Dated this 26th day of July, 2024.